**Ester BURNETT, Plaintiff—Appellant,**

v.

**Doctor Bruce FAECHER; et al., Defendants.**

No. 08–56887.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ester Burnett, a California state prisoner, appeals pro se from the district court's order dismissing some but not all of the defendants in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his medical care. We dismiss the appeal for lack of appellate jurisdiction.

We have an obligation to consider jurisdictional issues sua sponte. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). We generally have jurisdiction over only final orders of the district court. 28 U.S.C. § 1291. Without the district court's certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, orders dismissing some but not all of the defendants are not appealable final orders. *See Frank Briscoe Co. v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Morrison–Knudsen Co.,* 776 F.2d 1414, 1416 (9th Cir.1985); *Maurer v. L.A. County Sheriff's Dep't,* 691 F.2d 434, 436 n. 1 (9th Cir.1982) ("A dismissal as to some but not all defendants is not a final order as required by 28 U.S.C. § 1291, and is not appealable absent a certification under Fed.R.Civ.P. 54(b)."). Moreover, an order denying appointment of counsel is not an appealable final order. *See Kuster v. Block,* 773 F.2d 1048, 1049 (9th Cir.1985). Accordingly, we lack jurisdiction to consider the appeal.

Because we dismiss for lack of jurisdiction, we do not consider Burnett's outstanding motions.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.